IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN WATERLOO DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CR-1009-CJW-MAR |
| | ) | |
| vs. | ) | BRIEF IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION |
| CARI LYNN BEDTKA, | ) | TO REVOKE ORDER |
| | ) | OF DETENTION |
| Defendant. | ) | |

_____

## TABLE OF CONTENTS

I.   INTRODUCTION...................................................................................1

II.  DEFENDANT REBUTTED THE PRESUMPTION.................4

III. THERE ARE CONDITIONS THAT WILL REASONABLY
     ASSURE THE SAFETY OF OTHER PERSONS AND THE
     COMMUNITY....................................................................................5

I.   **INTRODUCTION**

Review of a Magistrate Judge's order of detention is *de novo*. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*).

The Order of Detention Pending Trial (Dkt. 17) concluded that: (1) the defendant had not rebutted the presumption of detention; and (2) the Government had established by clear and convincing evidence that no condition or combination

1

of conditions of release will reasonably assure the safety of any other person and the community.

The Magistrate Judge made several findings justifying those conclusions.

First, the Magistrate Judge found that the weight of evidence against the defendant is strong. That finding was largely based on the testimony of Officer Chad Leitzen of the Dubuque Police Department.

Related to the weight of the evidence is the finding that Ms. Bedtka may be subject to a lengthy period of incarceration if convicted. The offense charged has a statutory maximum of 20 years. Although Ms. Bedtka's advisory Sentencing Guidelines range has not been calculated, her actual sentence would likely be less than that.

Second, the District Court considered Ms. Bedtka's prior criminal history, which is set forth in the Pretrial Services Report (Dkt. 14). Ms. Bedtka's prior criminal offenses are primarily drug related, with a couple of minor theft convictions. Little detail regarding those offenses was provided. Ms. Bedtka's sentences in FECR135202 and FECR135203 were imposed concurrently. (Hrg. Tr. 30). Ms. Bedtka's prior criminal history was not of great concern to the Magistrate Judge. (Hrg. Tr. 42).

Third, the Magistrate Judge considered Ms. Bedtka's history of substance abuse, which is discussed in more detail below as that was a primary concern of the Magistrate Judge.

Fourth, the Magistrate Judge considered Ms. Bedtka's lack of a stable residence. However, the Probation Officer did not express concern in the Pretrial Services Report with Ms. Bedtka's release plans. Ms. Bedtka is a lifelong resident of Dubuque, Iowa. Ms. Bedtka has been residing with her boyfriend, Adam O'Neill. She would return to living with him. Mr. Adam's statement that he is unsure if Ms. Bedtka could live with him appears related to his prior convictions in 1996 for Theft and in 2011 for a drug offense and a concern if she could live with him due to those convictions. However, the Probation Officer did not express any opinion that those offenses would disqualify Ms. Bedtka from living with Mr. O'Neill. Ms. Bedtka would also have the option of living with her mother, Linda Shaw. There was some evidence introduced at the hearing that Ms. Shaw had involvement in Ms. Bedtka's criminal conduct, so residence with Ms. Shaw may be of concern. However, there does not appear to be any substantial impediment to Ms. Bedtka living with Mr. O'Neill.

Finally, the Magistrate Judge considered Ms. Bedtka's prior violations of supervision. Generally, those violations related to Ms. Bedtka's continued use of

3

controlled substances and commission of new controlled substance offenses. (Dkt. 14).

## II. DEFENDANT REBUTTED THE PRESUMPTION

The Pretrial Services Report recommended release on conditions. (Dkt. 14). Defendant agreed that the recommended conditions were appropriate and sufficient to assure the safety of other persons and the community. (Hrg. Tr. 36). The Magistrate Judge commented at the hearing that it generally agreed that the presumption is rebutted when the Probation Officer recommends release, but that the evidence at the hearing made the Court "doubt whether you rebutted that presumption." (Hrg. Tr. 39-40).

The Magistrate Judge's comments are an incorrect application of the concept of a rebuttable presumption. If no evidence at all is introduced, then the presumption would not be rebutted. Defendant relied on the Probation Officer's recommendation to rebut the presumption. The Pretrial Services Report is, in and of itself, sufficient to rebut the presumption. The Government then proceeded to present evidence. That evidence does not "unrebut" the presumption. That evidence, however, can certainly be considered in the analysis of whether the Government carried its burden of proving by clear and convincing evidence that

4

there is no condition or combination of conditions that would reasonably assure the safety of other persons or the community.

### III. THERE ARE CONDITIONS THAT WILL REASONABLY ASSURE THE SAFETY OF OTHER PERSONS AND THE COMMUNITY

The Government did not meet its burden of proving by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of other persons and the community. There are factors suggesting that Ms. Bedtka may pose some risk to community safety, such as her prior distribution of controlled substances, but those factors do not justify pretrial detention. The conditions set forth in the Pretrial Services Report would be sufficient to reasonably assure the safety of other persons and the community.

The Magistrate Judge concluded that the offenses at issue did not involve violence or firearms and that the Court did not have any reason to believe that Ms. Bedtka is a violent person. (Hrg. Tr. 40). What the Magistrate Judge focused on was Ms. Bedtka's drug distribution and usage.

Ms. Bedtka is not a "big drug kingpin." (Hrg. Tr. 40). The charges in the Indictment all involve small distributions of controlled substances. (Dkt. 3). There are three distribution counts (one is an attempt, not a completed distribution) and two counts regarding use of communications facilities relating to two of those

5

distributions.  *Id*.  The Magistrate Judge was concerned that Ms. Bedtka has "a somewhat cynical approach to the drug trade."  (Hrg. Tr. 41).  The Magistrate Judge pointed to statements in the Facebook evidence that Ms. Bedtka was concerned about people who can't handle heroin ruining it for others and her possibly leaving someone in distress to go to a drug sale. *Id*.  The Magistrate Judge ignored, however, the evidence that the person's girlfriend was also present.  (Dkt. 15, Gov't Ex. 1 at 14-15).  Ms. Bedtka did not leave him alone.  It is also unclear whether Narcan was administered to the person in distress as giving him Narcan was discussed.  *Id*. at 15-16.

     The Magistrate Judge also expressed concern with the status of Ms. Bedtka's drug treatment, including evidence that she was selling methadone prescribed to her and was attempting to foil drug tests.  (Hrg. Tr. 41-42).  However, Ms. Bedtka's attendance at the Galena Clinic for methadone was verified.  (Dkt. 14 at 4-5).  With regard to "foiling" drug tests, the providers used by Probation for drug testing are quite adept at detecting efforts to cheat the test.  It is unlikely that Ms. Bedtka would be able to successfully cheat a drug test.  Further, in the event that she tried, she would be subject to revocation of pretrial release.

Overall, there are conditions or combinations of conditions of release, as set forth in the Pretrial Services Report, that would protect the safety of other persons and the community. Ms. Bedtka should be released pending trial.

Respectfully Submitted,

_____/s/ Webb L. Wassmer_____
Webb L. Wassmer
*Wassmer Law Office PLC*
5320 Winslow Road
Marion, IA 52302
Tele: (319) 210-4288
wassmerlaw@yahoo.com

Attorney for Defendant Cari Lynn Bedtka

CERTIFICATE OF SERVICE

I certify that on May 2, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Dillan Edwards, AUSA

By: _____/s/ Webb Wassmer_____
**Webb Wassmer**